IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.                                                          Criminal No.: 4:13cr43

CHRISTOPHER DEVON BARRETT

      Defendant.

### POSITION OF THE DEFENDANT, CHRISTOPHER D. BARRETT WITH REGARD TO SENTENCING

COMES NOW the defendant, Christopher D. Barrett, by counsel and states as follows for his position on sentencing:

Counsel and the Defendant have received and reviewed the pre-sentence report. The Defendant faces a minimum mandatory sentence of 300 months. The Assistant United States Attorney has indicated to defense counsel that the United States will seek a sentence of 360 months. The defense contends for the reasons set forth below that a sentence of 300 months is appropriate and meets the standards of 18 USC 3553(A).

The Defendant requests for the reasons set forth that the Court find his proper advisory guideline range to be level 39 with a criminal history category III. This results in an advisory guideline range of 324-405 months.

A.    Drug Quantities

The Defendant concedes that the organization that he was a part of was responsible

for 150 kilograms of cocaine from 2005 until 2013. The stipulation of facts set forth many of the Defendant's activities. During the time of the conspiracy, the Defendant was incarcerated for approximately 3 years in various locations. (See paragraphs 88-95 of the pre-sentence report) The Defendant contends that he should not be held accountable for drugs that were distributed and/or possessed by his co-conspirators during his various periods of incarceration. Much of the information about drug quantities and frequency of drug activity is based on the statements of individuals who were cooperating with the United States and seeking sentence reductions. The information found at paragraphs 30-42 of the pre-sentence report was not stipulated to by Barrett. In fact, much of this information Barrett specifically refused to stipulate to. The independent investigation by the Probation Office appears to consist of nothing more than reading statements of cooperating witnesses that were not part of the stipulation and then including them in the pre-sentence report.

The defense contends that the proper drug table level for Mr. Barrett is 36, not 38 as set forth in the pre-sentence report. This is based on the fact that he was incarcerated for 3 years of the 8 year span of the conspiracy.

     B.    <u>The Defendant's Criminal History</u>

The defense contends that the Defendant's Criminal History Category "(CHC)" of V, while properly calculated in a technical sense, overstates the seriousness of his prior record. The defense requests that the Defendant be treated as a CHC II or at most a III for the reasons set forth below.

The Defendant was convicted of a felony drug offense in Newport News Juvenile and Domestic

Relations Court in 2001 when he was 14 years old. This conviction was based on the Defendant's possession of 2.8 grams of cocaine. He was assessed 2 criminal history points for this conviction. He was also convicted of a felony drug offense in 2004, at age 17. This offense involved 1.9 grams of cocaine. He was assessed 2 criminal history points for this offense. As a result of these two (2) felony convictions, which were based on a total of less than 5 grams of cocaine, the Defendant was convicted of possession of a firearm by a convicted felon and assessed 3 additional criminal history points. The defense contends that possession of less than 5 grams of cocaine as a juvenile is not the type of conduct that should result in 7 criminal history points. This result portrays the Defendant in a way that is not consistent with the goals of the advisory guidelines and overstates the seriousness of what can only be described as small, low-level drug amounts.

A reduction in the criminal history category to III is appropriate and the Defendant requests that the Court reduce his criminal history category.

      C.    <u>The Enhancement for Obstruction of Justice</u>

The Defendant contends that he should not be assessed a two-point enhancement for obstruction under USSG § 3C1.1. The only information relating to this enhancement is found at paragraph 41 of the pre-sentence report. Barrett was charged with witness intimidation but did not plead guilty to that charge nor did he stipulate to any facts that would support this enhancement. A plain reading of paragraph 41 indicates that Barrett never threatened anyone directly nor requested that anyone be threatened. The fact that people charged with a crime are aware of the witnesses against them and discuss the details of the case against them with other individuals in a common place

occurrence.  Apparently UC#8 threatened UC#7 but no evidence in the pre-sentence report states that

Barrett requested this not that he even had any knowledge  UC#8 was going to talk to UC#7.

Counsel's experience is that an enhancement for obstruction of justice adversely affects an

individual in the Federal Bureau of Prisons.  Such an enhancement will likely affect Barrett's level of

custody as well as his eligibility for programs.  The defense requests that the enhancement be removed

and all references to it be stricken from the pre-sentence report.

D.     Conclusion

The Defendant faces a minimum mandatory sentence of 300 months.  He has no real

prospect of having the sentence imposed by this Court reduced.  He pled guilty to the charges thus

saving the United States and the Court a vast amount of time, money, and other resources that would

be involved in a lengthy trial.  The Defendant is young, has an eighth grade education, and has been

exposed to the drug culture his entire life.  Many of his family members are incarcerated for drug

offenses and have substance abuse issues.  The Defendant has used marijuana for many years and

never received effective treatment.  He has been the victim of violence on several occasions in his life.

While the Defendant is responsible for his conduct, it is also worth noting that he has never had an

effective role model or consistent discipline in his life.  The defense contends that a sentence of 300

months is fair and appropriate in this case.  The defense requests that the Court vary from the advisory

sentencing guideline and sentence the Defendant to 240 months on count 2 and 60 months on count

16.

The defense will present additional information and argument in support of this position at the

sentencing hearing.

Respectfully submitted,

_____/ s /_____
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar #21756
Attorney for the Defendant,
   Christopher D. Barrett
Shuttleworth, Ruloff, Swain,
   Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia   23452
Telephone Number:  (757) 671-6000
Facsimile Number:    (757) 671-6004
Email address: lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Howard J. Zlotnick, Esquire
Assistant United States Attorney
Attorney for the United States
Fountain Plaza Three
721 Lake front Commons
Newport News, VA 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email address: howard.zlotnick@usdoj.com

And, I hereby certify that I have mailed the documents by Electronic Mail to the following non-filing user:

Darryl A. Upsher
U.S. Probation Officer
1001 Omni Boulevard, #300
Newport News, VA 23606

_____/ s /_____
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar #21756
Attorney for the Defendant,
    Christopher D. Barrett
Shuttleworth, Ruloff, Swain,
    Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia   23452
Telephone Number:  (757) 671-6000
Facsimile Number:   (757) 671-6004
Email address: lwoodward@srgslaw.com